UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Shane A. Thompson

    v.                                Civil No. 11-cv-220-SM

Joe Arpaio, Sheriff, Maricopa
County Sheriff's Department

**O R D E R**

Shane Thompson, who is currently incarcerated in Mesa, Arizona, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the District of Arizona (doc. no. 1). Because the petition alleges that the New Hampshire Adult Parole Board ("NHAPB") is violating Thompson's rights in regard to a New Hampshire sentence, the District Court in Arizona directed that the petition be transferred to this court (doc. no. 3).

Thompson alleges that his present detention pursuant to a parole violation warrant violates his Fourteenth Amendment due process rights. The matter is before the court for preliminary review to determine whether the petition is facially sufficient to proceed. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to conduct preliminary review of pro se filings by prisoners).

## Standard of Review

Pursuant to LR 4.3(d)(2) and § 2254 Rule 4, when an incarcerated petitioner commences a habeas action, the magistrate judge conducts a preliminary review of the petition. In conducting a preliminary review, the magistrate judge construes pro se pleadings liberally, however inartfully pleaded, to avoid inappropriately stringent rules and unnecessary dismissals.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003).  This review insures that pro se pleadings are given fair and meaningful consideration.

Section 2254 Rule 4 requires a judge to promptly examine any petition for habeas relief.  In undertaking this review, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6).  The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a petition for federal habeas relief.  See Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991) (habeas petition was properly dismissed on the merits sua sponte, where petitioner's arguments were readily resolved

without resort to transcript, and district court had access to pertinent documents filed with petition including parties' state court briefs and state court decision); see also Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (standard of review applicable in determining if complaint states viable claims); Day v. McDonough, 547 U.S. 198, 209-10 (2006) ("district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition").

Where the petition does not plainly entitle petitioner to relief, the court conducting the preliminary review may direct plaintiff to amend his petition prior to completing that review. See LR 4.3(d)(2)(B) (authorizing magistrate judge conducting review of pro se prisoner filings to grant party leave to amend). After conducting a preliminary review of a habeas petition must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." See § 2254 Rule 4.

### Background

Shane Thompson was convicted of burglary and a weapon charge on January 29, 1994. He was sentenced to serve prison terms of 3 - 6 years on one charge, and 7½ - 15 years on the

other.[1]  At some point, Thompson was released on parole. Thompson's parole supervision was transferred to Arizona pursuant to an agreement between the appropriate authorities of the two states.

On November 6, 2010, Thompson was arrested in Arizona on state criminal charges.  On November 10, 2010, a "parole violation warrant" was placed on Thompson.  Thompson describes the warrant as an "Interstate Compact Agreement type warrant" from New Hampshire.[2]  Thompson states that Arizona has, since his 2010 arrest, returned responsibility for and authority over Thompson's parole supervision to New Hampshire authorities.[3]

---

[1] Thompson notes that he received "3 off the bottom and 5 off the top" of the 7½ - 15 year sentence, which may (or may not) mean that a portion of his second sentence was suspended.  The exact contours of his original sentence are not relevant to the court's preliminary review in this matter and the court need not, therefore, decipher Thompson's description of his sentence at this juncture.

[2] Pursuant to the Interstate Agreement on Detainers ("IAD"), a state with pending charges against an inmate who is serving a sentence in another state may place a "detainer" on that inmate to ensure that the inmate is not released before the charging state has the opportunity to transfer the inmate back to the requesting state for prosecution.  See N.H. Rev. Stat. Ann. § 616-A:1.  The court presumes that Thompson, if not specifically subject to the IAD, is comparing his detention pursuant to the NHAPB warrant to detention pursuant to an IAD detainer lodged to obtain the presence of a prisoner for an untried offense.

[3] Thompson appears to be in Arizona under the auspices of the Interstate Corrections Compact ("ICC"), pursuant to which inmates sentenced in one state may serve their sentence in another state.  Parole status of a New Hampshire inmate serving his sentence in another state is controlled by New Hampshire

Thompson states, therefore, that his parole violation must be adjudicated by the NHAPB.  Thompson states that he has been detained in Arizona since November 10, 2010, for an alleged violation of his New Hampshire parole.  In that time, Thompson has not been afforded any hearing to either adjudicate the parole violation or to allow him bail pending such adjudication.  Thompson opines that, had his parole violation been promptly adjudicated, he would have served ninety days for the violation and would already have been rereleased on parole.

## The Claim[4]

   Thompson claims that his present incarceration pursuant to a New Hampshire parole violation warrant violates the Fourteenth Amendment's Due Process Clause, as Thompson has been afforded neither the opportunity to have bond set on the warrant nor a hearing to adjudicate the parole violation.

---

correctional authorities.  See Reid v. Stanley, No. 04-CV-369-JD, 2006 WL 1875335, *1 (D.N.H. July 6, 2006).  Therefore, New Hampshire has had control over Thompson's parole status.  It appears that while Arizona had agreed to supervise Thompson while he was released on parole, the state has now rescinded that agreement and returned responsibility for Thompson's parole supervision to the New Hampshire Department of Corrections.

   [4]The claim, as identified here, will be considered to be the claim raised in the petition for all purposes.  If Thompson disagrees with this identification of the claim, he must do so by properly moving to amend his petition.

**Discussion**

I.  Custody

To petition a federal court for habeas corpus relief from a state court judgment, the applicant must be "in custody in violation of the Constitution or laws or treaties of the United States." See Garlotte v. Fordice, 515 U.S. 39, 40 (1995) (citing 28 U.S.C. § 2254(a)).  Thompson asserts that he was on parole from a New Hampshire sentence and is now incarcerated pursuant to a parole violation warrant arising out of that sentence.  Accordingly, Thompson is in custody for purposes of § 2254(a).

II.  Exhaustion

To be eligible for habeas relief, Thompson must show that the claim raised in his petition has either been exhausted by his pursuit of all of his state court remedies, or that he is excused from exhausting those remedies because of an absence of available or effective state corrective processes.  See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle).  "A habeas petitioner in state custody may not advance his or her constitutional claims in a federal forum unless and until the substance of those claims has been fairly presented to the state's highest court."  Barresi v. Maloney, 296 F.3d 48, 51 (1st

Cir. 2002).  A petitioner's remedies in New Hampshire are exhausted when the New Hampshire Supreme Court ("NHSC") has had an opportunity to rule on the claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).

"In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations and citation omitted).  The purpose of a "fair presentation" requirement is to "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim.'" Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation omitted).  A habeas petitioner may fairly present a claim by doing any of the following:  "'(1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution.'"  Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (citation omitted).

A petitioner may be excused from the exhaustion requirement where there are no effective state court processes available to him, or where "circumstances exist that render such process ineffective to protect the rights of the applicant." See 28 U.S.C. § 2254(b)(1)(B). Thompson's petition does not indicate that state court processes are either unavailable to him or ineffective to protect his rights.

III. Order to Amend

Because Thompson's petition fails to demonstrate that his claim has been exhausted in the state courts, the court will provide Thompson with the opportunity to amend his petition to so demonstrate. If, as it appears, Thompson has not yet exhausted his claim, he may request that this petition be stayed while he pursues exhaustion in the state courts.

**Conclusion**

Thompson is directed to amend his complaint as follows:

1. If Thompson has exhausted the Fourteenth Amendment claim raised in this petition, within thirty days of the date of this order, Thompson must demonstrate that he has exhausted his claim, including the federal nature of his claim, in the state courts of New Hampshire. To make this showing, petitioner should file, in this court, a state court opinion, an NHSC notice of appeal, or any other pertinent document filed in the

8

NHSC which demonstrates that he has presented his Fourteenth Amendment claim relating to his current detention on an NHAPB warrant to the state courts, including the NHSC.

    2.   If Thompson has not yet exhausted his claim in the state courts but intends to do so, within thirty days of the date of this order, Thompson shall file a motion requesting that this action be stayed so that he may exhaust his federal constitutional claim in the state courts.

    3.   If Thompson requests a stay, he must initiate proceedings to exhaust the claim in his petition in the state courts within thirty days of the date of this order and must notify this court that he has done so within ten days of that filing. While his claim is pending in the state courts, Thompson must notify this court every ninety days as to the status of his exhaustion efforts.

    4.   Once Thompson exhausts his claim in the state courts, Thompson may, within thirty days of the final decision of the NHSC, file a motion to lift the stay in this matter and file an amended petition demonstrating that his federal constitutional claim has been fully exhausted in the state courts. To make this showing, petitioner should file, with his amended § 2254 petition, the notice of appeal filed in the NHSC, any briefs or other documents filed in the NHSC, and any decision by any state

court, which demonstrate that he has exhausted his federal claims in the state courts.

Thompson's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice for failing to demonstrate exhaustion. See 28 U.S.C. § 2254(b)(1)(A); § 2254 Rule 4.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: November 1, 2011

cc: Shane Thompson, pro se

LBM:jba