```
          UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF NEW HAMPSHIRE
```

Shane A. Thompson

    v.                              Civil No. 11-cv-220-SM

Joe Arpaio, Sheriff, Maricopa
County Sheriff's Department

## REPORT AND RECOMMENDATION

Shane Thompson filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (doc. no. 1). On November 1, 2011, the court issued an order (doc. no. 5) directing Thompson to amend his petition to demonstrate that the claims therein had been exhausted, or to request that the matter be stayed so that he could pursue exhaustion in the state courts, by December 1, 2011.

The court mailed a copy of the order to amend (doc. no. 5) to Thompson at the prison address in Arizona that Thompson provided. On November 15, 2011, the order was returned to the court marked "Return to Sender: No Longer in Custody." To date, the court has received neither an amended complaint nor any notice from Thompson providing the court with a current address.

United States District Court for the District of New Hampshire Local Rule ("LR") 83.6(e) states that "[a]n attorney

or pro se party who has appeared before the court on a matter is under a continuing duty to notify the clerk's office of any change of address and telephone number." Thompson is apparently in violation of this rule.

Thompson has failed to demonstrate that his petition for a writ of habeas corpus has been exhausted, as directed by 28 U.S.C. § 2254(b) (requiring a habeas petition to be denied "unless it appears that the applicant has exhausted the remedies available in the courts of the State"). The court therefore recommends that the petition be dismissed without prejudice for failing to demonstrate exhaustion.

## Conclusion

For the foregoing reasons, the petition should be dismissed without prejudice. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011) (citing United States v.

Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008)); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Landya B. McCafferty
United States Magistrate Judge

Date: January 6, 2012

cc: Shane Thompson, pro se

LBM:jba